THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD BEAVER,<br><br>               Plaintiff,<br><br>    v.<br><br>AMERICAN EXPRESS NATIONAL BANK,<br><br>               Defendant. | CASE NO. C24-1302-JCC<br><br>ORDER |

      This matter comes before the Court on Defendant American Express's motion to dismiss (Dkt. No. 9). Having thoroughly considered the briefing and the relevant record, the Court GRANTS the motion for the reasons described below. Given this ruling, the Court need not consider Plaintiff's various filings.[1]

---

[1] They include Plaintiff's multiple requests for judicial notice (Dkt. Nos. 20, 22). The facts he seeks to be noticed are irrelevant and unnecessary in resolving Defendant's motion to dismiss. *See, e.g.*, *Amazon.com Servs. LLC v. Paradigm Clinical Rsch. Inst., Inc.*, 631 F. Supp. 3d 950, 962 (W.D. Wash. 2022). They also include Plaintiff's motion for summary judgment (Dkt. No. 6). No scheduling order has yet issued and Defendant has not yet answered Plaintiff's complaint. While Plaintiff's motion is technically permissible, it is premature. *See Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 773 (9th Cir. 2003). They lastly include Plaintiff's motion to disqualify opposing counsel (Dkt. No. 15)—a drastic measure to be imposed based on compelling circumstances (a standard that Plaintiff fails

## I. BACKGROUND

According to Plaintiff's complaint, he applied for and received a credit card from Defendant in 2005. (Dkt. No. 1 at 3, 4.) About a month later, Defendant sent Plaintiff its first monthly billing statement. (*Id.* at 4.) When Plaintiff failed to pay, Defendant reported the outstanding debt to consumer reporting agencies ("CRAs"). (*Id.* at 4–5.) By 2024, this amount grew to $37,536. (*Id.* at 5–6.) At that point, in Plaintiff's words, he requested documents "to authenticate [Defendant's] claim of [Plaintiff's] indebtedness," yet Defendant did not provide a full response or "follow proper procedures" to investigate whether "[Plaintiff's] dispute was frivolous or irrelevant." (*Id.* at 6–13.) Some months later, Plaintiff brought a *pro se* complaint in this Court, asserting the following causes of action: (1) violations of the Fair Credit Reporting Act ("FCRA") based on a breach of reporting duties, as provided in 15 U.S.C. § 1681s-2(a); (2) violations of common law implied and statutory duties of good faith; (3) common law fraud; and (4) the inappropriate imposition of opportunity costs. (*Id.* at 13–15.) Defendant moves to dismiss in accordance with Rule 12(b)(6). (*See generally* Dkt. No. 9.)

## II. DISCUSSION

### A. Motion to Dismiss

#### 1. Legal Standard

"Rule 8 does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff is obligated to provide grounds for his or her entitlement to relief that amount to more than formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 545. And the Court may dismiss a complaint that "fail[s] to state a claim upon which relief can be granted."

---

to meet). *See United States Fire Ins. Co. v. Icicle Seafoods, Inc.*, 523 F. Supp. 3d 1262, 1266 (W.D. Wash. 2021); *Hart v. McDermott*, 2023 WL 5630433, slip op. at 1 (W.D. Wash. 2023).

ORDER
C24-1302-JCC
PAGE - 2

Fed. R. Civ. P. 12(b)(6). Therefore, to survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 677–78. A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678.[2]

        2.    <u>Plaintiff Fails to State a Claim</u>

As further discussed below, Plaintiff's FCRA cause of action fails as a matter of law. This sufficiently strips the Court of its subject matter jurisdiction over the remaining state law claims.[3] Regardless, the Court exercises its discretion to address those claims and finds them inadequately pled and/or not colorable. Moreover, had Plaintiff stated a viable federal claim (which he has not), the FCRA would preempt the remaining claims as pleaded. As such, they are not viable.

In asserting the FCRA claim, Plaintiff contends that Defendant violated federal consumer reporting law by furnishing incorrect information to one or more CRAs, and then failed to correct its error. (Dkt. No. 1 at 13.) But a claim based solely on this contention fails as a matter of law, as there is no private right of action against a furnisher,[4] such as Defendant, for a 15

---

[2] Though it liberally construes *pro se* complaints, the Court will dismiss a *pro se* action if the record discloses beyond doubt the plaintiff cannot prove facts which entitle him to relief. *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007).

[3] Without an independent source of original jurisdiction in federal court, Court's may or may not decline to exercise supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(c). *Latimer v. AT&T Mobility LLC*, 605 F. Supp. 3d 1333, 1339 (W.D. Wash. 2022).

[4] Indeed, a "furnisher" of information to CRAs must provide accurate information to CRAs. 15 U.S.C. § 1681s-2(a). If a "furnisher" knows or has reasonable cause to believe that the information is inaccurate, then the "furnisher" should not relay that information to the CRA. 15 U.S.C. § 1681s-2(a)(1)(A). And the "furnisher" must investigate previously reported consumer information if it is notified by the customer that specific information is inaccurate. 15 U.S.C. § 1681s-2(b). While § 1681-2(a) mandates certain conduct, it contains no provision for a private right of action.

ORDER
C24-1302-JCC
PAGE - 3

U.S.C. §§ 1681s-2(a) (FCRA) violation. *See Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002) (private rights of action do not apply to violations of § 1681s-2(a)); *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (private rights of action are limited to willful or negligent noncompliance with FCRA requirements and to violations of § 1681s-2(b)). Only federal and state agencies or officials can enforce the duties imposed on "furnishers." 15 U.S.C. § 1681s-2(d); *see Nelson*, 282 F.3d 1057 at 1059–60 (Congress limited the enforcement of "furnishers'" duties to governmental bodies).

Moreover, none of the remaining claims are adequately pleaded (or fail as a matter of law). <u>First</u>, as to the fraud claim, Plaintiff fails to meet Rule 9's heightened pleading standards.[5] He generally contends that Defendant materially misrepresented documents. (Dkt. No. 1 at 11–12.) But he does not allege particular facts about the time, place, or content of these representations. (*See generally id.*) <u>Second</u>, as to the violation of an implied or statutory obligation of good faith, Plaintiff asserts Defendant willfully and knowingly breached this obligation by answering his inquiries with a pattern of silence. (*Id.* at 14.) But Plaintiff fails to establish the existence of this duty in the first place. Such a duty could exist in the absence of common law or statute, but "'only in relation to performance of a specific contract term.'" *Haywood v. Amazon.com, Inc.* 2023 WL 4585362, slip op. at 5 (W.D. Wash. 2023) (quoting *Badgett v. Security State Bank*, 807 P.2d 356, 360 (Wash. 1991)). An actor has no duty to perform in good faith if there is no contractual duty. *Johnson v. Yousoofian*, 930 P.2d 921, 925

---

[5] A pleading that alleges fraud or mistake must do so with particularity, *see* Fed. R. Civ. P. 9(b), namely pleading "'the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.'" *Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866, 866 (9th Cir. 1977) (quoting *Walling v. Beverly Enterprises*, 476 F.2d 393, 397 (9th Cir. 1985)); *see also*, *Miscellaneous Serv. Workers, Drivers & Helpers, Teamsters Loc. No. 427 v. Philco-Ford Corp., WDL Div.*, 661 F.2d 776, 782 (9th Cir. 1981) (appropriate fraud pleadings must state the parties, along with the time, place and specific content of the false representations).

(Wash. 1996). And Plaintiff points to no contract or contractual language establishing such a duty. <u>Third</u>, the imposition of opportunity costs is not a colorable claim. To the extent such costs have any legal import, they would be a measurement of damages, *see In re Linerboard Antitrust Litig.*, 504 F. Supp. 2d 38, 63 (E.D. Pa. 2007), not a cause of action.

Also, as Defendant correctly points out, had Plaintiff adequately pled his federal and state claims, the FCRA would expressly preempt the fraud and bad faith claims. (*See* Dkt. No. 9 at 11–13.) This is because the FCRA prohibits state laws from regulating matters covered by §1681s-2 "relating to the responsibilities of persons who furnish information to CRAs." 15 U.S.C. § 1681t(b)(1)(F); *see also Himmelstein v. Comcast of the Dist., L.L.C.*, 931 F. Supp. 2d 48, 57 (D.D.C. 2013) (common-law claims may be broadly preempted with respect to claims against furnishers); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1166 (9th Cir. 2009) (common law claims can be preempted based on a creditor's responsibilities under section 1681s-2, except for defamation claims that allege falsity and malice under section 1681h(e)).

## III.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 9) is GRANTED. Plaintiff's complaint is DISMISSED with prejudice, as further amendment would be futile.[6] Given this, the Clerk is DIRECTED to terminate Plaintiff's motions (Dkt. Nos. 6, 15, 20, 22) as moot.

//

//

//

---

[6] If the Court finds that a complaint fails to state a plausible claim for relief, it need not provide leave to amend when it is "clear . . . that the complaint could not be saved by any amendment." *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). Simply put, leave to amend need not be provided when doing so would be futile. *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018).

1    DATED this 8th day of November 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE